IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-21038
Summary Calendar
_____

MANUEL ORTEGA

Plaintiff-Appellant,

versus

THE CITY OF HOUSTON

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-2932)

_____

September 30, 1998

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ortega appeals the district court's grant of summary judgment
in favor of the City dismissing his 42 U.S.C. § 1981 discrimination
claim and his 42 U.S.C. § 1983 claim.  We affirm.

Summary judgment was proper on his § 1981 claim because Ortega
failed to present evidence that created a reasonable inference that
his national origin was a determinative factor motivating the
City's adverse employment actions against him.  See Rhodes v.
Guiberson Oil Tools, 75 F.3d 989, 994 (5th Cir. 1996).  Though he
presented some proof to the contrary, the overwhelming evidence

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

submitted below showed that Ortega's violation of the police department's internal policies, not his national origin, was the reason for his indefinite suspension. See id. at 993 ("Even if the evidence is more than a scintilla, 'Boeing assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a directed verdict.'") (quoting Neely v. Delta Brick and Tile Co., Inc., 817 F.2d 1224, 1226 (5th Cir. 1987)). Ortega is foreclosed from contesting the City's offset from his back pay award because his counsel agreed with the Hearing Examiner that such an off-set was proper. In addition, Ortega has waived this argument on appeal due to his failure to cite to the record for any evidence supporting his claim that the monies he earned while suspended derived from moonlighting jobs. See Messer v. Meno, 130 F.3d 130, 135 (5th Cir. 1997) ("TEA's failure to cite or refute the record . . . waives this complaint on appeal. . . .").

Ortega's § 1983 claim for a name-clearing hearing also falls short because the record shows that his "whole objective" before the Hearing Examiner was to clear his name, that he was successful before the Hearing Examiner and that the Houston Chronicle, four months after the derogatory statements about Ortega were made, reported the Hearing Examiner's decision exonerating Ortega of wrongdoing. Due process requires no more. See Gillum v. City of Kerrville, 3 F.3d 117, 121 (5th Cir. 1993), cert. denied, 510 U.S. 1072 (5th Cir. 1994).

AFFIRMED.

2